IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,064-01 & -02






EX PARTE MAURICE JABARR CHARLES, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 873406 & 873407 IN THE 262ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and aggravated kidnapping, and sentenced to fifteen and forty years' imprisonment,
respectively. The Fourteenth Court of Appeals affirmed his convictions. Charles v. State, Nos. 14-01-01247-CR & 14-01-01249-CR (Tex. App.-Houston [14th Dist.], delivered July 3, 2003, pet. granted).

 Applicant contends that his pleas were involuntary and that trial counsel rendered ineffective
assistance. On January 25, 2006, the trial court entered two orders designating issues to resolve
Applicant's claims, but no findings of fact or conclusions of law on Applicant's claims were
forwarded to this Court. We believe that these applications were prematurely forwarded to this Court. 

 Accordingly, the trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant's pleas were
involuntary, and as to whether the performance of trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: September 12, 2007

Do not publish